UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOSEPH R. ELLIOTT,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 1:13-cv-319-WTL-DML |
| | ) |
| **BOARD OF SCHOOL TRUSTEES OF** | ) |
| **MADISON CONSOLIDATED SCHOOLS,** | ) |
| | ) |
|   Defendant. | ) |

**ENTRY ON MOTION FOR CERTIFICATION OF INTERCLOCUTORY APPEAL**

This cause is before the Court on the Defendant's and the Intervenor-Defendant's motion for certification of interlocutory appeal (Dkt. No. 95). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the following reasons.

This case involves the constitutionality of an Indiana statute, Indiana Code § 20-28-7.5-1(d) ("SB 1"). SB 1 was enacted in 2011 and provides the following: "After June 30, 2012, the cancellation of teacher's contracts due to a justifiable decrease in the number of teaching positions [a RIF] shall be determined on the basis of performance rather than seniority." Plaintiff Joseph Elliott's teaching contract was terminated in August 2012 pursuant to SB 1. He filed suit in this Court alleging that as applied to him, SB 1's RIF provision violated both the United States and Indiana Constitutions.

On March 12, 2015, this Court granted, in part, Mr. Elliott's motion for summary judgment, ruling that "SB 1's RIF provision is not necessary to accomplish the goal of improving teacher quality—as there are already adequate measures to address the State's concerns—and, as applied to Mr. Elliott, it is unconstitutional." Dkt. No. 90 at 21-22. The Defendants—the State of

Indiana and the Board of School Trustees of Madison Consolidated Schools—now move this Court to certify its March 12, 2015, Order.

28 U.S.C. § 1292 "permits an appeal only if the district judge finds, 'in writing,' that the 'order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 359 (7th Cir. 2015); *see also Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) ("There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."). The Defendants argue that all of the criteria are satisfied in this matter; ultimately, the Court agrees.

To begin, the matter clearly involves a controlling question of law. As the Defendants note, the Court's Order on summary judgment squarely addresses "[t]he contours of the Contract Clause[.]" Def.'s Mtn. at 4; *see also Ahrenholz*, 219 F.3d at 677 (noting that a "question of law means an abstract legal issue"). Moreover, despite the Plaintiff's argument to the contrary, the Court also agrees with the Defendants that the Order is contestable. The Court certainly believes there is room for reasonable minds to differ. Finally, there is no doubt that the Defendants' motion is timely; it was filed less than a month after the Court's Order on summary judgment.

This leaves the question of whether granting the Defendants' motion will speed up or materially advance the litigation, the main point of contention between the parties. The Plaintiff correctly notes that "[a]ll that remains of this case is the limited issue of the proper remedy for

2

the Defendants' violation of the Plaintiff's rights under the Contracts Clause." Pl.'s Resp. at 3. As noted in the Order, the Plaintiff requests monetary damages and reinstatement; he notes that "[t]here is nothing complicated—either factually or legally—about the remedy" that he seeks. *Id*. The Defendants strongly disagree. To begin, they do not agree that the Plaintiff is entitled to reinstatement, nor do they believe that reinstatement would be "a wise course of action[.]" Def.'s Reply at 2. Moreover, they note that discovery is needed to determine the amount of damages, if any, that the Plaintiff may be entitled to. All this is to say that resolving the remedy in this matter is likely to be a somewhat lengthy process, and may indeed require a trial if the parties cannot agree (which seems likely given their positions in their briefs).

In all, the Court finds that the speedy resolution of the constitutional question at issue in the Court's Order will either "end the litigation or [] settle the chief claim." Def.'s Br. at 6. The Court believes the best, and most practical, course of action in this matter would be to certify the summary judgment Order for an interlocutory appeal so it can be resolved as quickly as possible.[1]

Accordingly, the Court **GRANTS** the Defendant's motion (Dkt. No. 95).

SO ORDERED: 5/13/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] While not directly relevant to the Plaintiff's case, the Court also notes that there are several pending state court cases in which plaintiffs bring similar claims against other Indiana school corporations. As the Defendants note, speedy resolution of the constitutional question in this case will provide clarity to all Indiana school corporations and likely resolve the pending cases as well.